[No. 5084.  Decided February 27, 1905.]

FRANK TERRY, *as Guardian of James Coates, Respondent,*
v. HENRY C. SICADE, *as Administrator of· the*
*Estate of James Coates, Deceased, Appellant.*[1]

GUARDIAN AND WARD—FINAL ACCOUNT—COMPROMISE OF LITIGATION BY ORDER OF COURT—CONTRACT BY INDIAN—VALIDITY. Where a suit has been commenced against an Indian and his guardian for a conveyance of lands, pursuant to a contract made by the Indian before the removal of restrictions upon the power of alienation, upon which contract $1,600 had been paid to the Indian from time to time, the court may authorize the guardian to compromise the suit by the payment of $2,000, regardless of the validity of the contract, where it appears that the land has become valuable, and the court finds it to be for the best interests of the estate to end the litigation; and after the guardian has made such payment under the order of court, the invalidity of the contract cannot be urged against the allowance of a credit for such payment in the guardian's final account, exceptions to which are properly overruled.

Appeal from an order of the superior court for Pierce county, Chapman, J., entered October 6, 1903, overruling exceptions to a guardian's final account.    Affirmed.

*Leo & Cass,* for appellant.

*F. Campbell,* for respondent.

HADLEY, J.—This appeal is from an order denying exceptions to the final report of a guardian. The guardianship was for James Coates, a Puyallup Indian, and an

[1]Reported in 79 Pac. 789.

adult person.    Coates was the allottee of certain lands
in the Puyallup Indian reservation.    Prior to his guard-
ianship, he made a contract with one Ross for the sale of
said lands.·    The contract provided that, in consideration
of $600, which was then paid, Ross should have the use
of the premises for two years, and after two years it should
become an absolute conveyance, upon payment of the fur-
ther sum of $12,000.    The effect of the contract was that,
upon payment of the consideration specified, and when the
restrictions against alienation of the land should be re-
moved, the contract should operate as an absolute convey-
ance to Ross.    The contract was made long before the
guardianship of Coates was instituted.    From time to time,
Ross paid Coates upon the contract, in addition to the $600
paid at the time it was made, until the payments aggre-
gated about $1,600.    After the establishment of the guard-
ianship of Coates, Ross brought suit against Coates, his
wife, and the respondent as guardian, to enforce the con-
tract of sale.

After the commencement of said suit, the guardian filed
a petition in the guardianship case, setting forth the facts
as to the making of the contract for alienation by his ward,
and that the latter had been paid thereunder about $1,600.
It was also shown that the land had become valuable, and
that, while Ross was asserting, by suit, his right to specific
performance, yet he was willing to accept, as a compromise,
a payment of $2,000, and drop the litigation and cancel
the contract.    It was also made to appear that $2,000 was
substantially the equivalent of the $1,600 already received
by Coates, together with interest thereon for its use mean-
while, and that it was in the interest of the ward's estate
to make the compromise.    The court so found, and or-
dered the guardian to make the payment in compromise and
settlement of the litigation.    The guardian accordingly
paid the money.    Thereafter Coates died, and the ap-

pellant was appointed administrator of his estate. Respondent, as guardian, filed his final account, and asked credit for the amount paid out as aforesaid. Appellant, as administrator, objected to said allowance, and asked that the order authorizing its payment be vacated. The exceptions to the final report were overruled, and the administrator has appealed from the order denying the exceptions.

It is argued by appellant that the contract between Coates and Ross was, by its terms, a mere lease for two years, and that the attempt to make it operate as a conveyance after that time was illegal, by reason of restrictions upon alienation of the allotted lands. It is therefore contended that the partial payments upon the illegal contract imposed no liability from Coates to Ross for the return of the money, or its equivalent. It is not for us here to determine as to the validity of the contract. That was directly involved in the suit for specific performance, brought against Coates in his life-time, and also against his guardian. The question before us now is, shall the guardian be credited with the $2,000 paid to compromise that suit? He was ordered by the court to pay it. Without regard to the validity of that contract, it was apparent to the court that, by reason of it, the estate of the ward was already involved in troublesome and expensive litigation. The court deemed it to be in the interest of the estate to pay the $2,000, and stop the litigation. It was the duty of the court to direct the guardianship trust so as to effect the best results for the estate. The court may have believed that, not only would a moral obligation be discharged by the payment of the money, as a return for value received, but that it would result in actual financial gain to the estate by reason of escaping expensive litigation which could not be otherwise avoided. We find nothing in this record which convinces us that the course pursued was not in the

interest of the estate.    We shall therefore not disturb the order denying the exceptions to the final report of the guardian.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.